**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| AMAR SHAHZAD, | Civil Action No. 12-3438 (DRD) |
| Petitioner, |  |
| v. |  |
|  | **MEMORANDUM OPINION** |
| ROY L. HENDRICKS, et al., |  |
| Respondents. |  |

This matter comes before the Court upon Petitioner filing a 28 U.S.C. § 2241 petition, and Respondents filing a notice of Petitioner's release from custody, and it appearing that:

1. Petitioner, a pre-removal-period alien detainee, who had been held in confinement pursuant to 8 U.S.C. § 1226(c), maintained that the terms of his confinement were unlawful because he should had been: (a) deemed detained under 8 U.S.C. § 1226(a); (b) instantaneously allowed for periodic bond hearings; and (c) released from confinement upon a bond hearing.  See Docket Entry No. 1.

2. Petitioner, however, has been released from confinement. See Docket Entry No. 4; accord <<https://locator.ice.gov/ odls/homePage.do>> (U.S. Immigration and Customs Enforcement website indicating that Petitioner is not listed among the

      aliens detained).

3. Since Petitioner is no longer in confinement, and Respondents have no custody over Petitioner, his Petition seeking release from confinement is facially moot.

   a. Article III of the United States Constitution empowers federal courts to exercise their judicial power only over actual cases and controversies. See North Carolina v. Rice, 404 U.S. 244, 246 (1971). Federal courts therefore have no authority "to decide questions that cannot affect the rights of litigants in the case before them." Id. This limitation "subsists through all stages of federal judicial proceedings, trial and appellate." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). For this reason, any time that the parties to a case come to "lack a legally cognizable interest in [its] outcome," the case is deemed moot and must be dismissed for lack of jurisdiction. See Murphy v. Hunt, 455 U.S. 478, 481, 484 (1982); accord Shalhoub v. AG of the United States, 473 F. App'x 114, 116 (3d Cir. 2012). If there is no meaningful relief that can be granted to a plaintiff in satisfaction of his claims, he lacks this requisite interest. See Calderon v. Moore, 518 U.S. 149, 150 (1996); Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3d Cir. 1993).

    b.    The doctrine of mootness is not without exceptions. For instance, notwithstanding his release, an alien released from confinement might still challenge his detention if it is "capable of repetition while evading review."[1] Turner v. Rogers, 131 S. Ct. 2507, 2515 (2011) (citation and internal quotation marks omitted). To illustrate, in Diop v. ICE, 656 F.3d 221 (3d Cir. 2011), the Court of Appeals held that a removable alien's challenge to his pre-removal-period detention was not mooted by his release because that detention was capable of repetition. Specifically, in Diop, the alien was released as a result of a vacatur of the criminal conviction that mandated his pre-removal-period detention. Because the government's position in Diop implied that the reinstatement of that conviction on a then-pending appeal would necessarily require the alien's return into custody he challenged, the Court of Appeals invoked the "capable of repetition" exception and declined to find the alien's challenges moot.

    c.    However, no circumstances comparable to those addressed

---

[1] Under the "capable of repetition" exception, federal courts possess jurisdiction over a dispute if "([i]) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and ([ii]) there is a reasonable expectation that the same complaining party [will] be subjected to the same action again." Turner, 131 S. Ct. at 2515(citation and internal quotation marks omitted).

    in Diop are present in this matter: at this juncture, this Court has no basis to conclude either that Petitioner is likely to be taken into Immigration and Customs Enforcement custody in the future, or – if he is taken into such custody – the Court has no reason to presume that he would necessarily be held under 8 U.S.C. § 1226(c).  Hence, Petitioner's challenges at bar are facially moot.  Cf. Toolasprashad v. Grondolsky, 570 F. Supp. 2d 610, 635 (D.N.J. 2008) (a challenge to a purely hypothetical future development is too speculative to warrant habeas relief).

4.  Correspondingly, the Petition will be dismissed.[2]  An appropriate Order accompanied this Memorandum Opinion.

                                                   *S/ Dickinson R. Debevoise*
                                                   **Dickinson R. Debevoise**
                                                   **United States District Judge**

Dated: October 4, 2012

---

[2] However, no statement in this Memorandum Opinion or in the Order filed herewith should be construed as precluding Petitioner's challenges to his 8 U.S.C. § 1226(c) detention if, in fact, such detention actually takes place in the future.